COMMONWEALTH *vs.* CHRISTOPHER S. CARNEY. No. 92-P-564. April 14, 1993. *Practice, Criminal*, Opening statement, Assistance of counsel.

In *Commonwealth* v. *Carney*, 31 Mass. App. Ct. 250, 256-259 (1991), this court, considering a claim of ineffective assistance of trial counsel due to his failure to adduce evidence which he had promised in his opening statement, declined to reverse the convictions without prior evaluation of the claim by the trial judge on a motion for a new trial. Such a motion was filed and, after an evidentiary hearing, denied by the trial judge. There was no error. The two sentences of the defendant's opening statement at issue fall short of a dramatic promise of evidence clearly exonerating the defendant, neither promising that the defendant would testify nor that the alibi evidence would clearly establish his presence elsewhere. The equivocal and undramatic nature of the remarks, coupled with the principal focus of the opening (that the complaining witness and her husband had them-

selves arranged for the fire for financial reasons) and the ensuing hotly contested trial that spanned eight days, made it, in the judge's opinion, unlikely that the jury focussed much attention on the brief statements and produced no reasonable probability of prejudice to the defendant. *Strickland* v. *Washington*, 466 U.S. 668, 693 (1984). *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). In *Anderson* v. *Butler*, 858 F.2d 16 (1st Cir. 1988), the promised (but not produced) testimony was "strikingly significant" and the promise was "dramatic" and had been made "only the day before" the defendant rested (all at 17). There it could reasonably be said (as two members of a divided court did) that "little is more damaging than to fail to produce important evidence that had been promised in an opening." *Ibid.* Here, where the promise was made nine days before the defense rested and where it had been brief and equivocal, made almost as an afterthought in an opening that emphasized a dramatic defense that *was* produced, the judge could reasonably reach the conclusion that the remarks did not harm the defendant's case.

There is no merit to the defendant's other contentions. The decisions not to explain the absence of alibi testimony, which would have reminded the jury of the promise, and not to adduce alibi testimony, which would apparently have been inconclusive, were tactical in nature. See *Commonwealth* v. *Adams*, 374 Mass. 722, 727-728 (1978); *Commonwealth* v. *Rondeau*, 378 Mass. 408, 413 (1979). The defendant himself, following the lead of his brother, who was also charged with the arson, and who elected after the government's case not to testify, refused to consider testifying so as not to hurt his brother's case, despite the urging of trial counsel that he should make the decision with his own interests in mind. Compare, as to the unavailability of promised evidence, *Commonwealth* v. *Nardone*, 406 Mass. 123, 127-128 (1989). In any event, as trial counsel testified at the motion hearing, the decision would have been a close one, whether the value of the defendant's testimony would have been worth the risk of impeachment by prior convictions and exposing him to cross-examination.

*Order denying motion for*
*new trial affirmed.*

*Stephen Hrones* (*Murray A. Kohn* with him) for the defendant.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.